CHENOWITH & Co
*vs*
CHAMBERLIN.

---

CHANCERY.

*Case* 15.

## Chenowith & Co. *vs* Chamberlin.

ERROR TO THE JEFFERSON CIRCUIT.

*Bills of Exchange. Protest.*

*Sept.* 24.

The case stated.

Judgment of the Circuit Court.

CHIEF JUSTICE EWING delivered the opinion of the Court.

WM. P. SCOTT, of Louisville, drew a bill of exchange in favor of Chenowith & Co. on the firm of Scott & Co., of New Orleans, of which he was a member, for the sum of $1,895 82, payable six months after date, which was indorsed, as accommodation indorsers, by Thayer & Co. and accepted by Scott & Co. The indorsement of the firm of Thayer & Co. was made by Thayer, one of the firm, without the knowledge of Chamberlin, the other member of the firm, and the fact of the indorsement by Thayer, one of the firm, was known to the plaintiffs. The bill was protested for non-payment, and the protest regularly made out, under the hand and official seal of the Notary Public, of New Orleans, and notice in due form given. But it was proved by a witness, that the presentation for payment was made by a clerk of the Notary, and not by the Notary himself. Nor is there any proof in this case, as was in the case of *McCane* vs *Fitch & Chambers*, (4 *B. Monroe*, 600,) that it was the universal custom of New Orleans, for the Clerk of the Notary to make presentment of bills for payment, and note their non-payment.

The Circuit Court instructed the jury, that if they believed that the bill in question was presented by a Clerk and not by the Notary himself, they should find for the defendant, Chamberlin, the suit having been abated as to Thayer, who indorsed it. The jury so found, and a motion for a new trial being overruled, the plaintiffs have appealed to this Court.

The bill in question being drawn by a citizen in Kentucky, on a firm of another State of this Union, and made payable there, is not an inland or domestic bill, but a foreign bill, and partakes of the nature, and is subject to the rules of the mercantile law, applicable to foreign bills, *Lansdale* vs *Brown*, (*Circuit Court U. S. Appendix No. 11 to 2d vol. of Peters' Rep.*;) *Buckner* vs *Finley and Van Lear*, (2 *Peters' Rep.*, *S. C. U. S.*) Our statute, (1 *Stat. Laws*, 249,) does not designate the character of the bill, but only prescribes a different rate of damages recoverable on a bill drawn in one State of this Union on another, from the amount recoverable on a bill drawn in this State, and made payable in a foreign country.

This being a foreign bill, a protest regularly made out in due form, is necessary to a recovery, and upon any other proof of presentation for payment and refusal than that evidenced by the protest, a recovery cannot be had against a drawer or indorser, (*Chitty on Bills*, 214,) and the authorities referred to. And it is now pretty well settled, that the presentation and noting for non-payment, must be made by the Notary Public himself, as an accredited public officer, and will not be good, if presented by his Clerk, (*Chitty on Bills*, 211;) (*same*, 8*th London Ed.* 494, *note O·*) and the authorities referred to in Mr. Chitty's correspondence with the London and Liverpool merchants; the *Onondaga Bank* vs *Bates*, (3 *Hill's Rep.* 53.) Unless, as was determined by this Court, in the case of *McLane* vs *Fitch & Chambers*, (4 *B. Monroe*, *supra*,) the payment and demand of payment by the Clerk of the Notary, is sanctioned and sustained by the custom of the city or place where the demand is made. And as the existance of such a custom in New Orleans has not been proven in this case, and as a matter of fact, could not be regarded by the Court or jury, except upon its proof, the instruction of the Court was proper, and the verdict of the jury justified by the proof.

Moreover, the indorsement of the bill by Thayer, in the firm name, as mere accommodation indorsers, is not sufficient to charge Chamberlin, the other member of the firm, in the absence of proof of an express or implied

CHENOWITH & Co
*vs*
CHAMBERLIN.

A bill of exch'ge drawn by a citizen of Kentucky on a firm in another state, and payable in the latter state, is a foreign bill of exchange.

A protest regularly made in due form, is necessary to a recovery on a foreign bill of exchange in the courts of Kentucky—and presentation and noting for non-payment must be by a Notary himself; by his clerk is not sufficient, unless there be proof that presentment and demand of payment by the clerk of the Notary is sanctioned by the custom of the city or place where the bill is payable.

One member of a firm is not bound by an indorsement made by another member of the firm, of

BREEDING'S HR'S
*vs*
TAYLOR.

accommodation bill of exchange, without express or implied authority to make such indorsement, independently of that arising from the partnership connection.

authority, independent of the authority conferred by the partnership. And, though the proof that Scott & Co., at whose instance the indorsement was made, had been in the habit, during the same summer and fall, of indorsing for the accommodation of Thayer & Co. which was known to Chamberlin, was properly left to the jury, and might perhaps have been deemed sufficient to sustain their verdict had they found against Chamberlin, yet can scarcely be deemed sufficient to authorize a reversal against their finding in his favor.

The judgment of the Circuit Court is affirmed, with costs.

*Pirtle* for plaintiff: *Fry and Page* for defendant.